1  RICHARD ZUCKERMAN
   Principal Deputy Assistant Attorney General
2
   ALEX HALVERSON
3  Trial Attorney, Tax Division
   P.O. Box 683, Ben Franklin Station
4  Washington, D.C. 20044-0683
   Telephone: (202)-307-7539
5  Facsimile: (202)-307-0054
   Alex.Halverson@usdoj.gov
6  *Attorneys for the United States of America*

7

8              IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF CALIFORNIA
9

10

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. |
| Plaintiff, | ) | |
| | ) | **COMPLAINT TO REDUCE** |
| v. | ) | **ASSESSMENTS TO JUDGMENT AND** |
| | ) | **FORECLOSE FEDERAL TAX LIENS** |
| MICHAEL H. YATES, | ) | |
| JOLENE K. YATES, | ) | |
| NANCY SLATTEN as TRUSTEE for | ) | |
| MICHAEL HALL YATES TRUST, | ) | |
| ATHENE ANNUITY AND LIFE COMPANY, | ) | |
| AN IOWA CORPORATION, | ) | |
| STATE OF CALIFORNIA FRANCHISE | ) | |
| TAX BOARD, | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| EDUCATION, | ) | |
| GENERAL ELECTRIC CAPITAL CORP. | ) | |
| KIRK C. WENTLAND, | ) | |
| SAN JOAQUIN COUNTY, and | ) | |
| CAVALRY INVESTMENTS LLC | ) | |
| | ) | |
| Defendants. | ) | |

## **INTRODUCTION**

1.      This is a civil action timely brought by the United States to reduce to judgment

outstanding federal tax liabilities assessed against Defendants Michael H. Yates and Jolene K.

COMPLAINT TO REDUCE ASSESSMENTS TO
JUDGMENT AND FORECLOSE FEDERAL TAX LIENS

Yates and to foreclose federal tax liens on real property located in San Joaquin County, California.

2.      This action is commenced pursuant to 26 U.S.C. §§ 7401 and 7403 at the direction of the Attorney General of the United States and with the authorization and request of the Chief Counsel of the Internal Revenue Service (the "Service"), a delegate of the Secretary of the Treasury of the United States.

### JURISDICTION AND VENUE

3.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. § 7402.

4.      Venue properly lies in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1396 because it is the district where the liability for the taxes at issue accrued, where the taxpayer defendants reside, and where the property at issue is located.

5.      Intra-district venue is proper in the United States District Court sitting in Sacramento pursuant to Local Rule 120(d) because the taxpayers reside in San Joaquin County and the property at issue is located in San Joaquin County.

### DEFENDANTS

6.      Defendant Michael H. Yates ("Mr. Yates") is an adult individual residing in this judicial district.  Mr. Yates is named as a defendant in this action because the IRS assessed federal income taxes against him, which remain unpaid, and because he has an interest in the real property at issue.

7.      Defendant Jolene K. Yates ("Ms. Yates") is an adult individual residing in this judicial district.  Ms. Yates is named as a defendant in this action because the IRS assessed federal income taxes against her, which remain unpaid, and because she has an interest in the real property at issue.

2

COMPLAINT TO REDUCE ASSESSMENTS TO
JUDGMENT AND FORECLOSE FEDERAL TAX LIENS

8.    Defendant Nancy Slatten is named as party to this action pursuant to 26 U.S.C. § 7403(b) because she may claim an interest in the real property at issue.

9.    Defendant Athene Annuity and Life Company, an Iowa Corporation ("Athene") is named as party to this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property at issue.

10.   The State of California Franchise Tax Board is named as party to this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property at issue.

11.   The United States Department of Education is named as party to this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property at issue.

12.   General Electric Capital Corporation is named as party to this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property at issue.

13.   San Joaquin County California is named as party to this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property at issue.

## THE SUBJECT PROPERY

14.   This action seeks to foreclose upon one parcel of real property owned jointly by defendants Mr. Yates and Ms. Yates.

15.   The property is Mr. Yates' and Jolene Yates' personal residence located at 932 Interlaken Drive, Lodi, California 95242 ("the Lodi Property").

16.   The Lodi Property is more particularly described as follows:

Lot eighty-two (82), of Tract No. 2105 SUNWEST UNIT NO. 8, according to the official Map thereof, filed for record July 22, 1987 in Vol. 28 of Maps and Plats, page 38, San Joaquin County Records.

17.   Mr. Yates and Ms. Yates first acquired the Lodi property via grant deed on September 27, 1991.

COMPLAINT TO REDUCE ASSESSMENTS TO
JUDGMENT AND FORECLOSE FEDERAL TAX LIENS

18.     In or around July 2008, Mr. Yates and Ms. Yates transferred title to the Lodi Property to Verna L. George.

19.     In or around November 2010, Verna L. George transferred title to the Lodi Property back to Mr. Yates and Ms. Yates.

### MR. YATES' AND MS. YATES' TAX LIABILITIES AND LIENS

20.     On the dates detailed below, a delegate of the Secretary of the Treasury made timely assessments for unpaid individual income taxes, penalties, and interest against Mr. Yates and Ms. Yates for the 2001, 2009–2013, and 2015 tax years as follows:

| Tax Period | Assessment Date | Type of Assessment[1] | Amount Assessed[2] | Unpaid Balance Plus Accruals as of December 16, 2019 |
|---|---|---|---|---|
| 2001 | 10/13/2008<br><br><br><br>09/09/2013 | T<br>I<br>T<br>I<br>I | $25,881.00<br>$15,292.50<br>$2,717.00<br>$1,949.25<br>$11,524.74 | $65,760.96 |
| 2009 | 11/22/2010<br><br>09/13/2013 | T<br>I<br>I | $6,870.00<br>$148.18<br>$659.90 | $8,676.94 |
| 2010 | 06/25/2012<br><br>09/09/2013 | T<br>I<br>I | $16,646.00<br>$729.66<br>$790.13 | $21,907.39 |
| 2011 | 11/26/2012<br><br>09/09/2013 | T<br>I<br>I | $3,810.00<br>$70.92<br>$96.24 | $5,087.97 |
| 2012 | 11/18/2013<br><br>09/26/2016 | T<br>I<br>T | $8,941.00<br>$160.89<br>$2,198.00 | $14,436.52 |
| 2013 | 06/02/2014<br><br><br><br>07/11/2014<br>05/02/2016 | T<br>ETP<br>FPTP<br>I<br>FC<br>I<br>FPTP | $21,104.00<br>$178.00<br>$211.04<br>$83.42<br>$44.00<br>$1,256.55<br>$4,583.22 | $28,173.89 |

[1] T=Tax Assessed, ETP = Estimated Tax Penalty, FPTP=Failure to Pay Tax Penalty, I = Interest, FC=Fees and Collection Costs, LFP=Late Filing Penalty

COMPLAINT TO REDUCE ASSESSMENTS TO
JUDGMENT AND FORECLOSE FEDERAL TAX LIENS

| | | | | |
|---|---|---|---|---|
| 2015 | 11/28/2016 | T<br>ETP<br>FPTP<br>I | $29,910.00<br>$539.00<br>$1,196.40<br>$751.27 | $36,246.24 |
| **Total** | | | | **$180,289.91** |

*Table 1: Michael H. Yates and Jolene K. Yates Assessed Income Taxes, Penalties, and Interest*

21.     Mr. Yates and Ms. Yates submitted a Collection Due Process (CDP) request to the IRS on April 29, 2014, and the IRS issued a Notice of Determination on October 3, 2014, thus tolling the statute of limitations to collect for at least 187 days.  26 U.S.C. §§ 6330(e).

22.     Mr. Yates and Ms. Yates filed a bankruptcy petition on February 28, 2017 and were granted discharge on June 27, 2017.  *See generally*, Docket for Case, *In re Yates*, 2:17-bk-21302, E.D. Cal, thus tolling the statute of limitations for at least 302 days.  26 U.S.C. § 6503(h).

23.     Mr. Yates and Ms. Yates refused or neglected to pay the assessed sums described in paragraph 20 upon the IRS giving notice and demanding payment.

24.     As a result of Mr. Yates' and Ms. Yates' failure to pay the assessments described in paragraph 20, tax liens arose in favor of the United States upon all property and rights to property belonging to Mr. Yates and Ms. Yates as of the date of each assessment pursuant to 26 U.S.C. §§ 6321–6322.

25.     To provide notice of the statutory liens under 26 U.S.C. § 6323, the IRS recorded the following Notices of Federal Tax Liens ("NFTL") regarding the tax assessments described in paragraph 20 with the appropriate recording office in San Joaquin County, California:

| Tax Period(s) | Date Recorded | Instrument Number |
|---|---|---|
| 2001 | 10/09/2018 (originally filed 06/28/2010) | 2018-111730 |
| 2009, 2010, 2011, 2012 | 04/21/2014 | 2014-038541 |
| 2012 | 10/09/2018 | 2018-111734 |
| 2013 | 07/14/2014 | 2014-068504 |
| 2015 | 12/26/2017 | 2017-150557 |

*Table 2: NFTLs filed against Mr. Yates and Ms. Yates in San Joaquin County, California*

COMPLAINT TO REDUCE ASSESSMENTS TO
JUDGMENT AND FORECLOSE FEDERAL TAX LIENS

26.    The tax liens arising from the assessments described in paragraph 20 have priority over all interests in the Subject Property acquired after the attachment of the tax liens, subject to the provisions of 26 U.S.C. § 6323.

**MR. YATES' AND MS. YATES' TAX LIABILITY AFTER THEIR 2017 BANKRUPTCY**

27.    As described in paragraph 22, *supra*, Mr. Yates and Ms. Yates filed a bankruptcy petition on February 28, 2017 and were granted a discharge on June 27, 2017.

28.    As a consequence of the discharge, Mr. Yates and Ms. Yates were released from personal liability for assessments made with respect to tax years 2001, 2009, 2010, 2011, and 2012.

29.    Mr. Yates' and Ms. Yates' discharge did not discharge the United States' tax liens described in paragraph 25.  *See Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991); *In re Isom*, 901 F.2d 744, 745 (9th Cir. 1990).  The United States tax liens for the tax years 2001, and 2009–2013 and 2015 remain attached to the Lodi Property.

30.    Despite timely notice and demand for payment of the above-described assessments and penalties, Mr. Yates and Ms. Yates have neglected, failed, or refused to fully pay the assessments made against them.

31.    As of December 16, 2019, Mr. Yates and Ms. Yates owed $64,420.13 to the United States on the assessments described in paragraph 20 for tax years 2013 and 2015.  Since that time, assessments, interest, penalties, and statutory additions have continued to accrue as provided by law.  These debts were not discharged in Mr. Yates' and Ms. Yates' bankruptcy.  *See* 11 U.S.C. §§ 507(a)(8) and 523(a)(1).

32.    As of December 16, 2019, the United States' properly recorded liens described in paragraph 25 secured a total liability of $180,289.91.  Since that time, interest, and statutory additions have continued to accrue as provided by law.

COMPLAINT TO REDUCE ASSESSMENTS TO
JUDGMENT AND FORECLOSE FEDERAL TAX LIENS

## COUNT I

### Reduce Federal Income Assessments against Michael H. Yates and Jolene K. Yates to Judgment for the 2013 and 2015 Tax Years.

33.     The United States incorporates the preceding paragraphs by reference, as if fully set forth herein.

34.     The United States is entitled to a judgment against Mr. Yates and Ms. Yates for $64,420.13, which is the unpaid balance of the assessed amounts described in paragraph 20 for tax years 2013 and 2015, plus statutory interest and any other additions permitted by law accruing after December 16, 2019 until the date of payment.

## COUNT II

### Foreclose Federal Tax Liens on the Lodi Property

35.      The United States incorporates the preceding paragraphs by reference, as if fully set forth herein.

36.     Under 26 U.S.C. § 7403(c), the United States is entitled to a decree of sale of the Lodi Property, which is jointly owned by Mr. Yates and Ms. Yates.  The sale is necessary for the United States to collect the assessments described in paragraph 20.

37.     The tax liens arising from the assessments described in paragraph 20 have priority over all interests in the Lodi Property acquired after the attachment of the tax liens, subject to the provisions of 26 U.S.C. § 6323.

## REQUEST FOR RELIEF

WHEREFORE, the United States respectfully requests that the Court:

A.     Enter judgment in favor of the United States and against Michael H. Yates and Jolene K. Yates for unpaid federal income taxes for 2013 and 2015 in the amount of $64,420.13, plus statutory interest and other additions accruing after December 16, 2019;

7

COMPLAINT TO REDUCE ASSESSMENTS TO
JUDGMENT AND FORECLOSE FEDERAL TAX LIENS

B.      Order that the United States' federal tax liens for unpaid federal income taxes for 2001, 2009–2013 and 2015 be foreclosed upon the Lodi Property, that the Lodi Property be sold, and that the proceeds from the sale be distributed to the United States and all other creditors in their respective priority of liens and claims of all parties;

C.      Order that, to the extent the proceeds from the sale of the real property fail to satisfy the outstanding liabilities for tax years 2013 and 2015, a deficiency judgment be entered against Michael H. Yates and Jolene K. Yates;

D.      Award the United States its costs and such other relief as is just and proper.

Dated: February 14, 2020                            Respectfully Submitted,

                                                    RICHARD E. ZUCKERMAN
                                                    Principal Deputy Assistant Attorney General

                                                    */s/* ALEX HALVERSON
                                                    Trial Attorney, Tax Division
                                                    U.S. Department of Justice

COMPLAINT TO REDUCE ASSESSMENTS TO
JUDGMENT AND FORECLOSE FEDERAL TAX LIENS